# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| RONALD EUGENE FOX, II,  ) | |
| ) | Case No. 1:10-cr-99; 1:16-cv-187 |
| *Petitioner*,  ) | |
| ) | Judge Travis R. McDonough |
| v.  ) | |
| ) | Magistrate Judge Christopher H. Steger |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| *Respondent*.  ) | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner Ronald Eugene Fox, II's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 18). Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. (*Id.*) Respondent, United States of America, opposes Petitioner's motion. (Doc. 19.) For the reasons stated hereafter, Petitioner's motion (Doc. 18) will be **DENIED.**

### I.  BACKGROUND

In 2010, Petitioner pled guilty to Counts Two and Three of the indictment against him, for robbery, in violation of 18 U.S.C. § 1951 (the "Hobbs Act"), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. 16.) Petitioner was then sentenced to a total term of 117 months' imprisonment. (*Id.*) The sentence consisted of a term of 33 months' imprisonment to be served on Count Two of the indictment and 84 months' imprisonment to be served on Count Three of the indictment. (*Id.*) Petitioner

did not file a direct appeal. Accordingly, his conviction became final on January 3, 2011, after the time to file a direct appeal had run. *See* Fed. R. App. P. 4(b) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of [] the judgment . . . ."). On June 6, 2016, Petitioner filed this motion seeking an order vacating and correcting his sentence pursuant to 28 U.S.C. § 2255. (Doc. 18.) This motion is now ripe for the Court's review.

## II.     TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

Petitioner's reliance on *Johnson* triggers the one-year limitations period under subsection (f)(3). *See Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."). The period began to run on June 26, 2015, when *Johnson* was decided. Petitioner's motion was filed on June 6, 2016, and, as a result, Petitioner's motion falls safely within the one-year window for requesting collateral relief.

2

### III. STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### IV. ANALYSIS

Petitioner asserts that his claim relies on a new rule of constitutional law, citing *Johnson,* in which the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2563. Petitioner was not sentenced or subject to an enhancement under the ACCA. (*See* Doc. 16.) Rather, Petitioner appears to assert that the Supreme Court's holding in *Johnson* implicates his sentence for using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (*See* Doc. 18, at 7–11.) Specifically, he argues that his conviction for Hobbs Act robbery no longer qualifies as a crime of violence because of *Johnson*, and thus, his § 924(c) sentence cannot stand. (*Id.* at 9–11.)

The residual clause in the ACCA deems a "violent felony" any crime punishable by imprisonment for a term exceeding one year, . . . that . . . *involves conduct that presents a serious*

*potential risk of physical injury to another* . . . . 18 U.S.C. § 924(e) (emphasis added).  Under 18 U.S.C. § 924(c)(3), "crime of violence" is defined as an offense that is a felony and

> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or  (the "use-of-force clause")
>
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.  (the "residual clause")

Petitioner argues that the residual clause in § 924(c)(3)(B) is essentially the same as the residual clause in the ACCA that was invalidated in *Johnson*.  According to Petitioner, "[t]he Court's holding in *Johnson* did not turn on the type of risk, but rather on how a court assesses and quantifies the risk." (Doc. 18, at 10.)  Petitioner goes on to argue that the "inquiry is the same under both the ACCA and § 924(c) . . . [because] [b]oth statutes require courts first to picture the 'ordinary case' embodied by a felony, and then decide if it qualifies as a crime of violence by assessing the risk posed by the 'ordinary case.'" (*Id.*)

However, Petitioner's argument is foreclosed by the Sixth Circuit's decision in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), in which the court explicitly addressed whether the *Johnson* decision invalidated § 924(c)(3)(B) and found that it did not. *Id.* at 375–79.  In reaching its decision, the Sixth Circuit identified four "significant differences" between the ACCA residual clause and the residual clause contained in § 924(c)(3)(B):

> First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury.  Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B).  Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B).  Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

4

*Id.* at 376. Accordingly, Petitioner's argument that *Johnson*'s reasoning applies to invalidate the residual clause of § 924(c)(3)(B)—an argument considered and rejected by the Sixth Circuit—is without merit.

Even assuming that *Johnson* did invalidate the residual clause of § 924(c)(3)(B), Petitioner's conviction for Hobbs Act robbery qualifies as a crime of violence under the use-of-force clause in § 924(c)(3)(A) and thus, his conviction would still stand.[1] *See, e.g.*, *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied*, 137 S. Ct. 2230 (2017) (joining "sister circuits in ruling that Hobbs Act robbery constitutes a crime of violence" under § 924(c)(3)(A)); *In re Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016) (holding that a "conviction for Hobbs Act robbery . . . clearly qualifies as a 'crime of violence' under the use-of-force clause in § 924(c)(3)(A)"). Petitioner has identified no other grounds for relief under § 2255. Because Petitioner has not established any basis on which a § 2255 motion may be granted, his motion will be **DENIED**.

V.   **CONCLUSION**

For the reasons stated herein, the Court finds that no evidentiary hearing for this motion brought pursuant to 28 U.S.C. § 2255 is necessary and, on the basis of the record before it, that Petitioner is not entitled to relief. Therefore, the § 2255 Motion (Doc. 18) is **DENIED**.

**AN APPROPRIATE JUDGEMENT WILL ENTER.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[1] Petitioner devotes significant space in his petition to explaining why his robbery conviction does not qualify as a crime of violence under the use-of-force clause in § 924(c)(3)(A). (*See* Doc. 18, 3–7.) However, as discussed below, this argument is without merit.